[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DECISION ON PLAINTIFF'S APPLICATION TO VACATEARBITRATION AWARD
The plaintiff has applied to the Court for an order vacating an arbitration award in favor of the City of West Haven. The award is defended by the City and the Attorney General's Office, representing the State Board of Mediation and Arbitration.
FACTS
The matter was heard by the arbitration panel, on November 3, 1993. The plaintiff was represented by counsel hired by his union, AFL-CIO, Local 1281. The matter was reopened in August of 1994 at the request of the panel because of its realization that no proposed remedy had been included in the initial joint submission. The City and the union stipulated to a reopening and to the addition to the submission of this language: CT Page 1365-VV
 "If so, what shall the remedy be?" On October 31, 1994, the panel issued its decision in which it denied the plaintiff's grievance.
 The plaintiff attacks the award on several grounds which will be dealt with in the order they were argued.
 I.
The plaintiff claims there was no legal basis upon which the panel could reopen the hearing. If the panel thus exceeded its authority, it would lose jurisdiction over the matter. Milford v.Local 1566, 200 Conn. 91, 98 (1986).
However, the state regulations governing agency procedures speak to this issue. "Prior to the rendering of an award, a party may move to reopen a hearing for good cause shown such as the emergence of new evidence, but a hearing shall be reopened contingent solely upon the discretion of the panel chairman." Reg. Conn. Agencies, § 31-91-43. These regulations have the force of statutes and constitute state law. Savage v. Aronson, 214 Conn. 256,267 (1990).
Counsel for the plaintiff argues that in this case, the hearing was not reopened to hear newly discovered evidence. It was not. But the language "for good cause shown" indicates a clear intent to permit reopening for other valid reasons. In this case, the reopening to add the remedy clause avoided the necessity of re-hearing and enabled the panel to decide the case on the merits.
It is also incumbent upon the Court to defer to an agency's interpretation of its own regulations. Preston v. Department ofEnvironmental Protection, 218 Conn. 821, 830 (1991). The chair's decision to reopen and the assumption it enjoyed that authority is entitled to the deference discussed in Preston.
Finally, the Court notes that the stipulation to reopen and add the remedy clause was agreed to by both parties to the arbitration. The Court deems this a waiver of the right to challenge the procedure. II. CT Page 1365-WW
The plaintiff also argues that the decision was untimely and therefore should be vacated. He states the hearing was on November 3, 1993 and the decision was not issued until October 31, 1994, just short of a year.
This claim was addressed by our Supreme Court in AFSCME v. NewBritain, 206 Conn. 465 (1988). In that case, the Court concluded that the issue of timeliness had been waived by the plaintiff's failure to raise the question before the award was issued.
The plaintiff in this case did precisely the same thing and must be deemed to have waived that claim.
 III.
The plaintiff further argues that the board had decided this matter against him beforehand and cites as proof of this claim the fact that the panel reopened the hearing to add the remedy clause.
It is the Court's impression that that action precludes such a conclusion. Had the panel never considered that a remedy might be available to the plaintiff, it would not have noted the absence of the remedy clause and taken steps to add one.
The Court cannot find this claim to be supported by logic and there is no evidence in the record to dictate such a conclusion.
 IV.
The plaintiff's final arguments are more properly addressed to the union which represented him. The union is not a party to these proceedings and the Court is unwilling to address claims against it in its absence. As to these defendants, the claims against the union are not relevant.
CONCLUSION
Because of the reasons noted above, the plaintiff's Application To Vacate Arbitration Award is denied.
Anthony V. DeMayo State Trial Referee CT Page 1365-XX